Filed 11/18/21  In re A.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D079484 |
| Plaintiff and Respondent, | (Super. Ct. No. J520412) |
| v. | |
| E.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Conditionally reversed and remanded with directions.

Nicole Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel for Plaintiff and Respondent.

Appellant E.M. (Mother) appeals an order terminating her parental rights pursuant to section 366.26 of the Welfare and Institutions Code.[1] The sole issue is whether the San Diego County Health and Human Services Agency (Agency) and the juvenile court conducted an adequate further inquiry as required by the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) after both Mother and maternal grandmother advised the Agency they have Native-American ancestry through the Yaqui Tribe. The Agency concedes maternal grandmother's claim of Yaqui ancestry provided reason to believe minor A.M. was an Indian child and that the Agency failed to conduct an adequate further inquiry as required by section 224.2, subdivision (e)(2). The Agency concedes, and we agree, a limited remand is appropriate to require the juvenile court to order the Agency to fulfill its duties of further inquiry under section 224.2, subdivision (e)(2)(C) regarding A.M.'s membership status or eligibility as an Indian child. Therefore, we conditionally reverse the termination order.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In June 2020, the Agency sought protective custody for minor A.M. and initiated dependency proceedings under section 300, subdivision (b) because Mother and child tested positive for amphetamines and methamphetamines after the child's birth. Mother admitted using methamphetamine during pregnancy.

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

[2] We provide an abbreviated summary of the dependency proceedings and focus on the facts and background relevant to the narrow issue on appeal of the adequacy of the ICWA inquiry and findings.

At the initial detention hearing, Mother's counsel informed the court that Mother has Native American heritage through the Yaqui Tribe. The court deferred the ICWA findings.

At the end of June 2020, the Agency informed the court that Mother believed she had Native American heritage from the maternal side of her family. The Agency interviewed maternal grandmother who stated she had Native American heritage through the Yaqui tribe from both Arizona and Sonora. The information was provided to an ICWA specialist within the Agency.

On August 13, 2020, at a pretrial status conference, the court noted that the ICWA issue was still not resolved and there was no new information in the Agency's addendum report. Deputy county counsel reported that the social worker spoke with the relative, but "did not have a date of birth for the other relative."

At the contested adjudication and disposition hearing on August 27, 2020, deputy county counsel reported, "maternal grandmother did not have some of the birth dates of the relatives. The social worker has called the tribe on August 13th and left a message, and has not heard back." The court initially believed it could continue with the hearing, order the Agency to continue the inquiry, and come back to disposition if the child turned out to fall within ICWA.

After further discussion, deputy county counsel argued there may be "reason to believe" the child was an Indian child based on the family reports of tribal history, but that there was not a "reason to know." Counsel urged the court to find the Agency had made an adequate inquiry and that there was no "reason to know" ICWA applied because they did not have a definitive answer. The court commented that the Agency had "definitely made

adequate inquiry, and it appears that they have just reason to believe." The court found the Agency "made reasonable inquiry and there's no reason to know that [ICWA] applies."

The court then conducted the contested adjudication and disposition hearing and found the allegations true. The court declared the child a dependent of the court, removed the child from the custody of the parents, and placed the child with a relative.

At the six-month review hearing in February 2021, a different deputy county counsel asked the court to find ICWA does not apply. Without further discussion, the court made the finding that ICWA does not apply to this case.

Thereafter, in April 2021, the court terminated parental reunification services. On August 31, 2021, the court terminated parental rights and identified adoption as the preferred permanent plan. Mother appealed.[3]

## DISCUSSION

"ICWA reflects a congressional determination to protect American Indian children and to promote the stability and security of Indian tribes and families. (25 U.S.C. § 1902; [In re] *Austin J.* [(2020)] 47 Cal.App.5th [870,] 881.) To that end, ICWA established unique standards for the removal and placement of American Indian children. (25 U.S.C. § 1901 et seq.) Central to the protections of ICWA are procedural rules to determine whether an Indian child is involved. Federal regulations implementing ICWA require state courts to ask participants in child custody proceedings whether the participant knows or has reason to know the child is an Indian child. (25 C.F.R. § 23.107(a).) The court must also tell the parties to inform the court if the parties receive information giving them reason to know the child is an

---

3    Father is not a party to this appeal.

Indian child. (*Ibid.*)" (*In re Josiah T.* (Nov. 8, 2021, No. B311213) ___Cal.App.5th___ [2021 WL 5177283, at *7].)

The juvenile court and the Agency have an "affirmative and continuing duty to inquire" whether a dependent child "is or may be an Indian child" in all dependency proceedings. (§ 224.2, subd. (a).) California's statutory scheme contains "three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. ([*Id.*], subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].).)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

After a "reason to believe" that an Indian child is involved has been established, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e).) The duty of further inquiry includes (1) interviewing the parents and extended family members; (2) contacting the Bureau of Indian Affairs (BIA) and State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership; and

5

(3) contacting tribes and anyone else that might have information regarding the child's membership or eligibility in a tribe. (*Id.*, subd. (e)(2).)

Pursuant to section 224.2, subdivision (e)(2)(C), the Agency must contact "the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility." The Agency's contact with the tribe "shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (*Ibid.*)

Here, the Agency agrees that there was a reason to believe the child was an Indian child based on the statements of Mother and maternal grandmother regarding the ancestral connection to the Yaqui tribe. The Agency concedes deputy county counsel's statements at the jurisdiction and disposition hearing that "relatives' dates of birth could not be obtained and that a call had been made to the tribe were insufficient to establish and document the Agency's efforts to interview extended family members and contact the tribe and provide it with any information deemed necessary." Therefore, the juvenile court's findings that adequate inquiry was completed and there was no reason to know the child was an Indian child lacks substantial evidence.

The Agency further concedes the case proceeded to a section 366.26 hearing without documented further inquiry regarding ICWA. Thus, the court's finding that ICWA does not apply also lack's substantial evidence.

We accept the Agency's concessions and remand the matter for the limited purpose of allowing the Agency to complete further inquiry under section 224.2, subdivision (e)(2)(C), and for the court to determine, on the record, whether ICWA applies.

6

## DISPOSITION

The findings and orders entered at the section 366.26 hearing are conditionally reversed.  The matter is remanded with instructions for the juvenile court to order the Agency to comply with the further inquiry provisions under section 224.2, subdivision (e)(2)(C) regarding A.M.'s membership status or eligibility as an Indian child.  If, after proper further inquiry, the court finds a reason to know that A.M. is an Indian child, the court must provide notice in accordance with ICWA.  If the court finds that A.M. is an Indian child, then the court must conduct a new section 366.26 hearing and any further proceedings in compliance with ICWA and California law.  If the court finds that A.M. is not an Indian child, the section 366.26 order terminating parental rights shall be reinstated.

Pursuant to the stipulation of the parties, the remittitur shall issue immediately.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.

7